543 So.2d 1205 (1989)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES.
No. 73033.
Supreme Court of Florida.
March 30, 1989.
Harry Lee Coe, III, Chairman, Committee on Standard Jury Instructions (Criminal), Tampa, for petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Criminal) has submitted two petitions which propose amendments to the Florida Standard Jury Instructions in Criminal Cases. The petitions are set forth below, and the exhibits referred to therein are appended to the end of this opinion:
 PROPOSED AMENDMENTS TO FLORIDA
 STANDARD JURY INSTRUCTIONS
 IN CRIMINAL CASES (88-1)
______________________________________
To: CHIEF JUSTICE AND JUSTICES OF THE SUPREME COURT OF FLORIDA
Your committee recommends the following revisions to the Florida Standard Jury Instructions in Criminal Cases. Most of the proposed revisions are the same as those published in the January 1, 1988, issue of the Florida Bar News. A few changes have been made based on responses to the proposals as published, and some additional proposals that the committee believes are noncontroversial have been added. Following the order in which the instructions appear in The Florida Bar's jury instructions manual, the changes recommended and the reasons for the changes are provided below. To the extent possible, wording to be deleted is indicated by strike through marks and wording to be added is underlined.
1. Page 39 of the Bar's manual provides an instruction on entrapment. Chapter 87-243, Section 42, Laws of Florida, creates Section 777.201, Florida Statutes, which redefines the entrapment defense. Instructions incorporating the new law are provided in Exhibit 1. The new instruction is for offenses occurring on or after October 1, 1987. The committee decided to retain the current instruction for use when the offense occurred before October 1, 1987. An additional proposed change to both of the instructions is the addition of a definition of "predisposition." In particular, the court's attention to the final paragraph of the new instruction is requested.
2. Pages 45c and 45d of the manual provide the current instruction on justifiable use of force by law enforcement officers. Chapter 87-147, Laws of Florida, amends Section 776.05, Florida Statutes, to redefine justifiable use of force by an officer. A revised instruction to reflect the statutory change is provided in Exhibit 2.
3. Pages 77 through 82 of the manual provide instructions on penalty proceedings in capital cases. Chapter 87-368, Section 1, Laws of Florida, creates Section 921.141(5)(j), Florida Statutes, which provides an additional aggravating circumstance to be considered by the jury. The committee therefore proposes the addition of paragraph 10 to the list on pages 78 and 79 of the manual as follows:
10. The victim of the crime for which defendant is to be sentenced was a law enforcement officer engaged in the performance of the officer's official duties.
4. Page 97 of the manual provides for the offense of carrying concealed weapons. A change to paragraph 2 of that instruction is proposed as follows:
2. The (weapon alleged) was concealed from the ordinary sight of another person others who might casually observe the defendant.
Support for the current wording comes from Ensor v. State, 403 So.2d 349, 354 (Fla. 1981), but the committee believes that the instruction should be amended to conform to the statutory definition of "concealed weapon" in Section 790.001(3)(a), Florida Statutes (1987).
5. Page 98 of the manual provides an instruction based on Section 790.05, Florida Statutes (1981). That law was repealed in *1206 1987; therefore, the instruction should be removed. See Chapter 87-24, Laws of Florida.
6. Page 99 of the manual provides an instruction based on Section 790.07(1) and (2), Florida Statutes. A change in paragraph 1b is proposed as follows:
b. [carried a [weapon] [firearm], which was concealed from the ordinary sight of another person others who might casually observe him.]
The reason for this change is the same as the one in paragraph 4 above.
7. Page 102 provides an instruction on Section 790.15, Florida Statutes. The committee recommends amending paragraphs a and b of the instruction as follows:
a. [(Defendant) knowingly discharged a firearm in a public place.]
b. [(Defendant) knowingly discharged a firearm on the right of way of a paved road, highway or street.]
The word "knowingly" is included in paragraph c of the current instruction and should be inserted in paragraphs a and b as shown.
8. Regarding page 103 of the manual, paragraph 3b should be amended as follows:
b. [a disruption of governmental commerce.]
Although the wording of the Section 790.161, Florida Statutes, may be ambiguous, the committee believes that "governmental" modifies only "operations" and not "commerce."
9. Pages 111 and 112 provide instructions for Sections 790.221 and 790.23, Florida Statutes, respectively. The committee proposes the addition of a definition of "possess" to those instructions. The definition proposed is the same as the one used in the drug possession instructions. Exhibit 3 provides the full instructions with the definition of "possess" added. Paragraph 2 of the instruction on Section 790.23 also is amended to conform to the statute.
10. Page 147 provides an instruction on theft. Section 812.014, Florida Statutes, was amended by Chapter 87-376, Laws of Florida. A revised instruction to incorporate the changes in the law is provided in Exhibit 4.
11. The instructions on pages 150 and 151 cover dealing in stolen property. The effect of Section 812.028(3), Florida Statutes, is not provided for in the current instructions. The amendments shown in Exhibit 5 are intended to incorporate that statute.
12. The robbery instruction on page 155 of the manual needs to conform to Section 812.13, Florida Statutes, as amended by Chapter 87-315, Laws of Florida. Exhibit 6 provides the proposed instruction.
13. Pages 163 and 164 provide the instruction for contributing to delinquency and to dependency. The wording of the instruction on page 163 does not need to be revised. Most of the wording on page 164, however, is based on former delinquency and dependency definitions that have been revised several times. The committee intends to propose a revised instruction in the future but, for now, recommends the deletion of the instruction on page 164. Instead, a note should replace the instruction on that page as follows:
Note to Judge: Prepare the definition of "delinquency" or of "dependency" based on the statutory definitions in effect at the time of the alleged offense. See F.S. 39.01.
14. Page 216 provides an instruction on bookmaking. Section 849.25, Florida Statutes, was amended by Chapter 87-243, Section 48, Laws of Florida. A revised instruction incorporating the 1987 amendments is proposed. See Exhibit 7.
15. Pages 219 through 250 provide instructions for drug abuse and drug trafficking offenses under Chapter 893, Florida Statutes. Chapter 87-243, Laws of Florida, amends several statutes covered by those instructions. Revisions to the affected instructions are proposed. See Exhibit 8.
16. Currently there are no instructions for prosecutions under Chapter 895, Florida Statutes. Proposed instructions are provided in Exhibit 9.
*1207 17. Pages 261 and 262 provide a comment on the schedule of lesser included offenses. Based on changes in the law since 1981, the committee has revised the comment. See Exhibit 10 for the revised comment.
18. The "SCHEDULE OF LESSER INCLUDED OFFENSES" is provided on pages 263 through 284 of the manual. The committee has not reviewed each offense listed in the schedule in light of recent opinions that may affect the table. Nevertheless, some needed changes have been identified by the committee as shown in Exhibit 11.
 Respectfully submitted,
 /s/ Harry Lee Coe III
 Harry Lee Coe, Chair
 PROPOSED AMENDMENTS TO FLORIDA
 STANDARD JURY INSTRUCTIONS
 IN CRIMINAL CASES (88-2)
_________________________________________________________________
TO: CHIEF JUSTICE AND JUSTICES OF THE SUPREME COURT OF FLORIDA
Your committee met on November 18, 1988, to review 1988 legislation that affects the standard jury instructions. Several changes in the instructions are needed, and the committee believes they can be made without following the normal procedure of publishing proposed instructions in The Florida Bar News. The committee requests that those changes (provided below) be considered along with the proposals in the committee's previous report (88-1).
1. The aggravating circumstances for the jury to consider in a capital offense are provided on pages 78 and 79 of the manual. An instruction on a new circumstance is proposed in the previous report (88-1). Chapter 88-381, § 10, Laws of Florida, created Section 921.141(5)(k), a new aggravating circumstance. The committee, therefore, proposes adding another new paragraph as follows:
11. The victim of the crime for which the defendant is to be sentenced was an elected or appointed official engaged in the performance of his official duties and the crime was related, in whole or in part, to the victim's official capacity.
2. Section 784.045, Florida Statutes, was amended by Chapter 88-344, § 3, Laws of Florida, to create a new aggravated battery offense. The committee, therefore, proposes that paragraph 2 of its instruction on page 90 of the manual be amended as follows:
2. (Defendant) in committing the battery
a. [intentionally or knowingly caused
[great bodily harm to (victim)]]
[permanent disability to (victim)]]
[permanent disfigurement to (victim)]]
b. [used a deadly weapon.]
c. [knew or should have known that (victim) was pregnant.]
3. The court in State v. Potts 526 So.2d 63 (Fla. 1988) found section 790.07(2) "unconstitutional to the extent it purports to penalize a person who is under indictment." Paragraph 2 of the jury instruction on page 99 of the manual, therefore, should be amended by striking "[under indictment or information]" and by removing the brackets from "[committing or attempting to commit the felony of (felony alleged)]."
4. Section 790.161, Florida Statutes, was amended by Chapter 88-381, § 44, Laws of Florida. The instruction on page 103 of the manual, therefore, should be amended as shown in Exhibit 12, which incorporates another change suggested in the (88-1) report.
5. Section 790.162, Florida Statutes, was amended by Chapter 88-381, § 45, Laws of Florida. The instruction on page 104 of the manual, therefore, should be amended as shown in Exhibit 13.
6. Chapter 88-381, § 46, Laws of Florida, amends Section 806.111(1)(b), Florida Statutes, which defines "fire bomb." The definition in the instruction on page 129 of the manual should be amended to conform to the statute as follows:
"A `fire bomb' is a container containing flammable liquid or combustible liquid, or any incendiary chemical mixture or compound, having a wick or similar device capable of being ignited or other means capable of causing ignition; but *1208 no device commercially manufactured primarily for the purpose of illumination, heating or cooking, shall be deemed to be such a fire bomb."
7. In Thomas v. State, 531 So.2d 708 (Fla. 1988), the court overruled previous decisions that distinguished between common and uncommon devices as burglary tools. The instruction on page 138 of the manual should be revised to conform to that decision. Paragraph 2b of the instruction should be removed, and the instructions in the margin related to paragraph 2 should be deleted. The "a" in front of the remaining paragraph 2 also should be deleted.
8. Chapter 88-151, § 4, Laws of Florida, amends Section 827.04, Florida Statutes, concerning child abuse. The instruction on page 161 of the manual needs to be amended to conform to the statute. Paragraph 1 of the instruction, therefore, should be amended to read:
1. (Defendant) [willfully] [by culpable negligence] [knowingly]:
[[deprived (victim) of] [allowed (victim) to be deprived of] necessary food, clothing, shelter or medical treatment.] [inflicted or permitted the infliction of [physical] [mental] injury to (victim).]
9. Chapter 88-381, § 51, Laws of Florida, amends Section 843.02, Florida Statutes, concerning the offense of resisting an officer without violence. To conform the instruction to the statute, paragraph 1 on page 196 of the manual should be revised to read:
1. (Defendant) [resisted] [obstructed] [opposed] (victim).
10. Chapter 88-122, § 78, Laws of Florida, amended Section 951.23, Florida Statutes, adding "a county residential probation center" to the definition of "county detention facility." The instruction on page 257 of the manual should be amended to conform to the statute as shown in Exhibit 14.
11. The committee in its previous report (88-1) recommended the addition of a note regarding all drug trafficking offenses listed in the Schedule of Lesser Included Offenses. The note cites "Dauphin v. State, 511 So.2d 1037 (Fla. 4th DCA 1987), cert. pending (case No. 70,995, Fla.S.Ct.)." The correct case name actually is "Daophin v. State" but of more importance the decision of the district court was reversed on October 20, 1988. The note, therefore, should not be approved.
The committee is drafting other amendments to existing instructions and some new instructions based on 1988 legislation, all of which need to be published in the Bar News. Those instructions will be submitted no sooner than March 1989.
 Respectfully submitted,
 /s/ Harry Lee Coe
 Harry Lee Coe, Chair
We approve for publication these recommended amendments.[*] We caution all interested persons, however, that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

*1209
 EXHIBIT 1
 3.04(c)(1) ENTRAPMENT
Note to Judge This instruction is for offenses occurring before
 October 1, 1987.
 The defense of entrapment has been raised. This
 means that (defendant) claims he had no prior
 intention to commit the offense and that he
 committed it only because he was persuaded or
 caused to commit the offense by law enforcement
 officers.
 (Defendant) was entrapped if:
 1. he had no prior intention to commit (crime
 charged), but
 2. he was persuaded, induced or lured into
 committing the offense and
 3. the person who persuaded, induced or lured him
 into committing the offense was a law
 enforcement officer, or someone acting for the
 officer.
 It is not entrapment if (defendant) had the
 predisposition to commit (crime charged).
 (Defendant) had the predisposition if, before any
 law enforcement officer or person acting for the
 officer persuaded, induced, or lured (defendant),
 he had a readiness or willingness to commit (crime
 charged) if the opportunity presented itself.
When claim of However It is also not entrapment merely because a
entrapment no defense law enforcement officer in a good faith attempt to
Give a, b or c as detect crime:
applicable
 a. [provided the defendant the opportunity, means
 and facilities to commit the offense, which
 the defendant intended to commit and would have
 committed otherwise]
 b. [used tricks, decoys or subterfuge to expose
 the defendant's criminal acts.]
 c. [was present and pretending to aid or assist in
 the commission of the offense.]
 On the issue of entrapment, the State must
 convince you beyond a reasonable doubt that the
 defendant was not entrapped.
 (NEW INSTRUCTION)
 3.04(c)(2) ENTRAPMENT
Note to Judge This instruction is to be used for offenses
 occurring on or after October 1, 1987.
 The defense of entrapment has been raised.
 (Defendant) was entrapped if
 1. he was, for the purpose of obtaining evidence of
 the commission of a crime, induced or encouraged
 to engage in conduct constituting the crime of
 (crime charged), and
 2. he engaged in such conduct as the direct result
 of such inducement or encouragement, and
 3. the person who induced or encouraged him was a
 law enforcement officer or a person engaged in
 cooperating with or acting as an agent of a law
 enforcement officer, and
 4. the person who induced or encouraged him employed
 methods of persuasion or inducement which created
 a substantial risk that the crime would be
 committed by a person other than one who was
 ready to commit it, and
 5. (Defendant) was not a person who was ready to
 commit the crime.
 It is not entrapment if (defendant) had the
 predisposition to commit the (crime charged).
 (Defendant) had the predisposition if before any
 law enforcement officer or person acting
 for the officer persuaded, induced, or lured
 (defendant), he
*1210 had a readiness or willingness to commit (crime
 charged) if the opportunity presented itself.
 It is also not entrapment merely because a law
 enforcement officer in a good faith attempt to
 detect crime
 (a) [provided the defendant the opportunity, means
 and facilities to commit the offense, which the
 defendant intended to commit and would have
 committed otherwise.]
 (b) [used tricks, decoys or subterfuge to expose the
 defendant's criminal acts.]
 (c) [was present and pretending to aid or assist in
 the commission of the offense.]
 On the issue of entrapment, the defendant must
 prove to you by a preponderance of the evidence that
 his criminal conduct occurred as the result of
 entrapment.
 EXHIBIT 2
 3.04(f) JUSTIFIABLE USE OF FORCE
 BY LAW ENFORCEMENT OFFICER
In making an arrest A law enforcement officer, or any person he has
of a felon summoned or directed to assist him, need not retreat
F.S. 776.05 from or stop efforts to make a lawful arrest because
 of resistance or threatened resistance to the
 arrest. The officer is justified in the use of any
Give if applicable force that he reasonably believes necessary to
 defend himself or another from bodily harm while
 making the arrest. That force is also justifiable
 when necessarily used:
 1. in retaking a felon person who has been
 convicted of a felony and who has escaped. or
 2. in arresting a felon person who has been
 convicted of a felony and who is fleeing from
 justice.
Force in making Use of any force by a law enforcement officer or
unlawful arrest any person summoned or directed to assist the law
prohibited enforcement officer is not justified if:
F.S. 776.051(2)
Give if 1. The arrest is unlawful. and
applicable
 2. It is known by the officer or the person
 assisting him to be unlawful.
In making an arrest 1. In arresting a suspected felon who is fleeing
of a suspected from justice, an law enforcement officer is
fleeing felon justified in the can use of any force likely
Tennessee v. Garner to cause death or great bodily harm. if
(U.S.Sup.Ct. 1985),
53 LW 4410
Give 1(a), or (b) (a) the law enforcement officer has probable
or (c) as applicable cause to reasonably believes that the
 suspected fleeing felon poses a threat of
 death or serious physical harm, either to
 the officer or to others.; or
Define felon (b) the suspected felon has threatened the law
 enforcement officer with a weapon.
 (c) the law enforcement officer has probable
 cause to reasonably believes that the
 suspected fleeing felon has committed a
 crime involving the infliction or the
 threatened infliction of serious physical
 harm to another person.
Read if 1(a), (b) or If the law enforcement officer has an opportunity to
(c) given do so he must give the suspected felon warning that
 he is about to use force likely to cause death or
 great bodily harm.
*1211 POSSESSION OF FORBIDDEN FIREARMS
 F.S. 790.221
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two
 elements beyond a reasonable doubt:
 Elements 1. (Defendant)
 [owned]
 [had in
 his care,
 custody,
 possession
 or control]
 a (firearm
 alleged).
 2. The (firearm
 alleged)
 was one
 that was,
 or could
 readily be
 made, operable.
Defenses If you find that the (firearm alleged) was
 lawfully owned and possessed under provisions of
 the federal law, you shall find the defendant not
 guilty.
 This law does not apply to antique firearms.
Definitions; give as "Care" and "custody" mean immediate charge and
applicable control exercised by a person over the named object.
 The terms care, custody and control may be used
 interchangeable.
 A ["short-barreled rifle"] ["short-barreled
 shotgun"] ["machine gun"] is legally defined as
 (adapt from F.S. 790.001(9), (10) or (11) as
 required by the allegations).
 An "antique firearm" is legally defined as (adapt
 from F.S. 790.001(1) as required by the
 allegations).
 To "Possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession
 of a thing, knowledge of its presence may not be
 inferred or assumed.
 FELONS POSSESSING WEAPONS
 F.S. 790.23
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two
 elements beyond a reasonable doubt:
Elements 1. (Defendant) had been convicted of (prior
 offense).
 2. After the conviction (defendant)
*1212 Give 2a or 2b as a. [owned] [had in his care, custody,
applicable possession or control]
 [a firearm.]
 [an electric weapon or device]
 [a concealed weapon.]
 b. [carried a (weapon alleged), which was
 concealed from the ordinary sight of another
 person. others who might casually observe
 him.]
Defense If you find that the defendant's civil rights had
 been restored at the time of the offense, you shall
 find the defendant not guilty.
Definitions "Convicted" means that a judgment has been entered
 in a criminal proceeding by a competent court
 pronouncing the accused guilty.
 A ["firearm"] ["electric weapon or device"]
 ["concealed weapon"] is legally defined as (adapt
 from F.S. 790.001 as required by the allegations).
Give if 2b alleged "Care" and "custody" mean immediate charge and
 control exercised by a person over the named object.
 The terms care, custody and control may be used
 interchangeably.
 To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive.
 If a thing is in the hand of or on the person, or in
 a bag or container in the hand of or on the person,
 or is so close as to be within ready reach and is
 under the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
 EXHIBIT 4
 THEFT
 F.S. 812.014
 Before you can find the defendant guilty of Theft,
 the State must prove the following two elements
 beyond a reasonable doubt:
Elements 1. (Defendant) knowingly and unlawfully [obtained]
 [used] [endeavored to obtain] [endeavored to
 use] the (property alleged) of (victim).
 2. He did so with intent to, either temporarily or
 permanently,
 [deprive (victim) of his right to the
 property or any benefit from it.]
 [appropriate the property of (victim) to his
 own use or to the use of any person not
 entitled to it.]
Degrees; give if The punishment provided by law for the crime of
property is of theft is greater depending upon the value of the
monetary value up to property taken. Therefore, If you find the defendant
extent of charge guilty of theft, you must determine by your verdict
 whether:
 a. [The value of the property taken was $100,000 or
 more.]
*1213 a.b. [The value of the property taken was $20,000
 or more but less than $100,000.]
 b.c. [The value of the property taken was $300 or
 more but less than $20,000.]
 c.d. [The value of the property taken was less
 than $300.]
Give if applicable e. [The property was [a will, codicil, or other
 testamentary instrument.] [a firearm.] [a
 motor vehicle.] [a horse.] [a cow.] [a pig.]
 [a kind of livestock.] [a fire extinguisher.]
 [2000 or more pieces of fruit.] [taken from a
 posted construction site.]]
Inferences; give if Proof that a person presented false identification
applicable not current in respect to name, address, place of
F.S. 812.022(1) employment or other material aspect in connection
 with the leasing of personal property, or failed
 to return leased property within 72 hours of the
 termination of the leasing agreement, unless
 satisfactorily explained, gives rise to an inference
 that the property was obtained or is now used with
 unlawful intent to commit theft.
Inferences; give Proof of possession of recently stolen property,
if applicable unless satisfactorily explained, give rise to an
F.S. 812.022(2) inference that the person in possession of the
 property knew or should have known that the
 property had been stolen.
Definitions; "Obtains or uses" means any manner of:
give if applicable
F.S. 812.012(2)
 (a) Taking or exercising control over property.
 (b) Making any unauthorized use, disposition, or
 transfer of property.
 (c) Obtaining property by fraud, willful
 misrepresentation of a future act, or false
 promise.
 (d) 1. Conduct previously known as stealing;
 larceny; purloining; abstracting;
 embezzlement; misapplication;
 misappropriation; conversion; or
 obtaining money or property by false
 pretenses, fraud, or deception; or
 2. Other conduct similar in nature.
 "Endeavor" means to attempt or try.
F.S. 812.012(3) "Property" means anything of value, and includes:
 real property, including things growing on,
 affixed to and found in land;
 tangible or intangible personal property,
 including rights, privileges, interests and
 claims; and
 services.
F.S. 812.012(5) "Services" means anything of value resulting from
 a person's physical or mental labor or skill, or
 from the use, possession or presence of property,
 and includes:
 repairs or improvements to property;
 professional services;
 private, public or government communication,
 transportation, power, water or sanitation
 services;
 lodging accommodations; and
 admissions to places of exhibition or
 entertainment.
Note to Judge It is error to inform the jury of a prior
 conviction. Therefore, do not read the allegation
 of prior conviction or send the information or
 indictment into the jury room. The historical fact
 of a previous conviction shall be determined by the
 judge, and shall thereby fix the degree of the
 crime. State of Florida v. Harris, 356 So.2d 315
 (Fla. 1978).
F.S. 812.012(9) "Value" means
 The market value of the property at the time and
 place of the offense, or if that value cannot be
 satisfactorily
*1214 ascertained, the cost of replacement of the
 property within a reasonable time after the
 offense.
 In the case of a written instrument that does
 not have a readily ascertainable market value,
 such as a check, draft or promissory note, the
 value is the amount due or collectible.
 In the case of any other instrument that
 creates, releases, discharges or otherwise
 affects any valuable legal right, privilege or
 obligation, the value is the greatest amount of
 economic loss that the owner of the instrument
 might reasonably suffer by virtue of the loss
 of the instrument.
 The value of a trade secret that does not have
 a readily ascertainable market value is any
 reasonable value representing the damage to the
 owner suffered by reason of losing an advantage
 over those who do not know of or use the trade
 secret.
 If the exact value of the property cannot be
 ascertained, you should attempt to determine a
 minimum value. If you cannot determine the
 minimum value, you must find the value is less
 than $100 $300.
 Amounts of value of separate properties,
 involved in thefts committed pursuant to one
 scheme or course of conduct, whether the thefts
 are from the same person or several person, may
 be totaled in determining the grade of the
 offense.
 EXHIBIT 5
 DEALING IN STOLEN PROPERTY (FENCING)
 F.S. 812.019(1)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two
 elements beyond a reasonable doubt:
Elements 1. (Defendant) [trafficked in] [endeavored to
 traffic in] (property alleged).
 2. (Defendant) knew or should have known that
 (property alleged) was stolen.
Definitions "Property" means anything of value, and includes:
F.S. 812-012(3)
 real property, including things growing on,
 affixed to and found in land;
 tangible or intangible personal property,
 including rights, privileges, interests and
 claims; and
 services.
F.S. 812.012(6) "Stolen property" means property that has been
812.028(3) the subject of any criminally wrongful taking or if
 the property has not been stolen, that it was
 offered for sale to (defendant) as stolen property.
F.S. 812.012(7) "Traffic" means:
 to sell, transfer, distribute, dispense or
 otherwise dispose of property; and
 to buy, receive, possess, obtain control of or
 use property with the intent to sell, transfer,
 distribute, dispense or otherwise dispose of that
 property.
 DEALING IN STOLEN PROPERTY (ORGANIZING)
 F.S. 812.019(2)
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two
 elements beyond a reasonable doubt:
*1215 Elements 1. (Defendant) [initiated] [organized] [planned]
 [financed] [directed] [managed] [supervised]
 the theft of (property alleged).
 2. (Defendant) trafficked in the (property
 alleged).
Definitions "Property" means anything of value, and includes:
F.S. 812.012(3)
 real property, including things growing on,
 affixed on, affixed to and found in land;
 tangible or intangible personal property,
 including rights, privileges, interests and
 claims; and
 services.
F.S. 812.012(6) "Stolen property" means property that has been the
812.028(3) subject of any criminally wrongful taking or if the
 property has not been stolen, that it was offered
 for sale to (defendant) as stolen property.
F.S. 812.012(7) "Traffic" means:
 to sell, transfer, distribute, dispense or
 otherwise dispose of property; and
 to buy, receive, possess, obtain control of or
 use property with the intent to sell, transfer,
 distribute, dispense or otherwise dispose of that
 property.
 EXHIBIT 6
 ROBBERY
 F.S. 812.13
 Before you can find the defendant guilty of
 Robbery, the State must prove the following four
 elements beyond a reasonable doubt:
Elements 1. (Defendant) took the (money or property
 described in charge) from the person or custody
 of (person alleged).
 2. The taking was by Force, violence, assault, or
 by putting (person alleged) in fear was used in
 the course of the taking.
 3. The property taken was of some value.
 4. (Defendant) took the (money or property
 described in the charge) from the person or
 custody of (person alleged) and at the time
 of the taking intended to permanently deprive
 (person alleged) of the (money or property).
 The taking was with the intent to permanently
 [deprive (victim) of his right to the property
 or any benefit from it.] [appropriate the
 property of (victim) to his own use or to the
 use of any person not entitled to it.]
 "In the course of the taking" means that the
 act occurred prior to, contemporaneous with, or
 subsequent to the taking of the property and
 that the act and the taking of the property
 constitute continuous series of acts or events.
Title to property In order for a taking of property to be robbery,
 it is not necessary that the person robbed be the
 actual owner of the property. It is sufficient if
 the victim has the custody of the property at the
 time of the offense.
Force; give The taking must be by the use of force or violence
if applicable or by assault so as to overcome the resistance of
 the victim, or by putting the victim in fear so that
 he does not resist. The law does not require that
 the victim of robbery resist to any particular
 extent or that he offer any actual physical
 resistance if the circumstances are such that he is
 placed in fear of death or great bodily harm if he
 does resist. But unless
*1216 prevented by fear there must be some resistance to
 make the taking one done by force or violence.
Victim unconscious; It is also robbery if a person, with intent to
give if applicable take the property from a victim, administers any
 substance to another so that the victim becomes
 unconscious and then takes the property from the
 person or custody of the victim.
Taking In order for a taking by force, violence or
 putting in fear to be robbery, it is not necessary
 that the taking be from the person of the victim. It
 is sufficient if the property taken is under the
 actual control of the victim so that it cannot be
 taken without the use of force, violence or
 intimidation directed against the victim.
Enhanced penalty; The punishment provided by law for the crime of
give if applicable robbery is greater if "in the course of committing
 the robbery" the defendant carried some kind of
 weapon. An act is "in the course of committing the
 robbery" if it occurs in an attempt to commit
 robbery or in flight after the attempt or
 commission. Therefore, if you find the defendant
 guilty of robbery, you must then consider whether
 the State has further proved those aggravating
 circumstances and reflect this in your verdict.
With a firearm If you find that the defendant carried a
 firearm in the course of committing the robbery,
 you should find him guilty of robbery with a
 firearm.
With a deadly If you find that the defendant carried a
weapon (deadly weapon described in charge) in the
 course of committing the robbery and that the
 (deadly weapon described in charge) was a
 deadly weapon, you should find him guilty of
 robbery with a deadly weapon.
With other If you find that the defendant carried a
weapon weapon that was not a [firearm] [deadly weapon]
 in the course of committing the robbery, you
 should find him guilty of robbery with a weapon.
With no firearm If you find that the defendant carried no
or weapon firearm or weapon in the course of committing
 the robbery, but did commit the robbery, you
 should find him guilty only of robbery.
Definitions A "firearm" is legally defined as (adapt from
 F.S. 790.001 as required by allegations).
 A weapon is a "deadly weapon" if it is used or
 threatened to be used in a way likely to produce
 death or great bodily harm.
 A "weapon" is legally defined to mean any
 object that could be used to cause death or
 inflict serious bodily harm.
 Also define "attempt" (see page 55).
 EXHIBIT 7
 BOOKMAKING
 F.S. 849.25(1)
 Before you can find the defendant guilty of
 Bookmaking, the State must prove the following two
 three elements beyond a reasonable doubt:
Elements 1. (Defendant) was engaged in the business or
 profession of gambling.
 2. While so engaged, (defendant) took or
 received a bet or wager.
 3. The bet or wager was upon the result of [a
 trial or contest of skill, speed, power, or
 endurance of [man] or [beast.]]
*1217 [between men, beasts [fowl,] [motor vehicles]
 or [mechanical apparatuses].]
 [a chance, casualty, or unknown or contingent
 event.]
F.S. 849.25(1)(b) To determine whether (defendant) was engaged in
 the offense of bookmaking the following factors
 shall be considered:
 1. Taking advantage of betting odds created to
 produce a profit for the bookmaker or charging
 a percentage on accepted wagers.
 2. Placing all or part of accepted wagers with
 other bookmakers to reduce the chance of
 financial loss.
 3. Taking or receiving more than five wagers in
 any single day.
 4. Taking or receiving wagers totaling more than
 $500 in any single day, or more than $1,500 in
 any single week.
 5. Engaging in a common scheme with two or more
 persons to take or receive wagers.
 6. Taking or receiving wagers on both sides of a
 contest at the identical point spread.
 7. Any other factor relevant to establishing that
 the operating procedures of such person are
 commercial in nature.
Note to Judge It is the committee's opinion that F.S. 849.25(1)(c)
 is for the judge and not the jury. Therefore (1)(c)
 should not be read to the jury.
 EXHIBIT 8
 DRUG ABUSE  SALE, PURCHASE, MANUFACTURE, DELIVERY,
 OR POSSESSION WITH INTENT
 F.S. 893.13(1)(a)
 Certain drugs and chemical substances are by law
 known as "controlled substances." (Specific
 substance alleged) is a controlled substance.
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following
 (applicable number) elements beyond a reasonable
 doubt:
Elements 1. (Defendant)
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [possessed with intent to sell]
 [possessed with intent to purchase]
 [possessed with intent to manufacture]
 [possessed with intent to deliver]
 a certain substance.
 2. The substance was (specific substance alleged).
Give if possession 3. (Defendant) had knowledge of the presence of
is charged the substance.
Definitions; give
as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be by
 extraction from substances of natural origin, or
 independently by means of chemical synthesis.
*1218 It can also be by a combination of extraction and
 chemical synthesis.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or not
 there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person
 has control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Notes to Judge 1. Note F.S. 893.13(1)(f)(g) if the charge involves
 possession or delivery without consideration of not
 more than 20 grams of cannabis.
 2. If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an additional
 instruction may be required. See State v. Medlin,
 273 So.2d 394 (Fla. 1973).
 DRUG ABUSE  SALE, PURCHASE, DELIVERY OR POSSESSION
 IN EXCESS OF TEN GRAMS
 F.S. 893.13(1)(b)
Note to Judge This instruction will have to be altered if a
 combination of substances is alleged.
 Certain drugs and chemical substances are by law
 known as "controlled substances." (Specific
 substance alleged) is a controlled substance.
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following
 (applicable number) elements beyond a reasonable
 doubt:
Elements 1. (Defendant)
 [sold]
 [purchased]
 [delivered]
 [possessed]
 more than ten grams of a certain substance.
 2. The substance was (specific substance alleged).
Give if possession 3. (Defendant) had knowledge of the presence of
is charged the substance.
charged
Definitions; give as
applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something of
 value or a promise of money or something of value.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or not
 there is an agency relationship.
*1219 Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an additional
 instruction may be required. See State v. Medlin,
 273 So.2d 394 (Fla. 1973).
 DRUG ABUSE  DELIVERY TO A MINOR
 F.S. 893.13(1)(C)
 Certain drugs and chemical substances are by law
 known as "controlled substances." (Specific
 substance alleged) is a controlled substance.
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. a. [(Defendant) delivered a certain substance
 to (person alleged)a person under the age
 of eighteen years.]
Give la, lb b. [(Defendant) used or hired a person under
or lc as the age of eighteen years as an agent or
applicable employee in the sale or delivery of a
 certain substance.]
 c. [(Defendant) used a person under the age of
 eighteen years to assist in avoiding
 detection or apprehension for (violation of
 F.S. Chapter 893 alleged).]
 2. The substance was (specific substance alleged).
 3. When the delivery was made (Defendant) was over
 eighteen years old of age or older at the time.
 and (person alleged) was under eighteen years
 old.
Definitions F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
 NEW INSTRUCTION
 DRUG ABUSE  POSSESSION ON OR NEAR SCHOOL
 F.S. 893.13(1)(e)
 Before you can find the defendant guilty of (crime
 charged) the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant)
 [sold
 [purchased]
 [manufactured]
 [delivered]
 [possessed with intent to sell]
*1220 [possessed with intent to purchase]
 [possessed with intent to manufacture]
 [possessed with intent to deliver]
 2. a controlled substance (specific substance
 alleged)
 3. in, on, or within 1000 feet of the real
 property comprising a public or private
 elementary, middle, or secondary school.
Definitions: give
as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive.
 If a thing is in the hand of or on the person, or
 in a bag or container in the hand of or on the
 person, or is so close as to be within ready reach
 and is under the control of the person, it is in
 the actual possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an
 additional instruction may be required. See State v.
 Medlin, 273 So.2d 394 (Fla. 1973).
 DRUG ABUSE  POSSESSION
 F.S. 893.13(1)(e)(f)
 Certain drugs and chemical substances are by law
 known as "controlled substances." (Specific
 substance alleged) is a controlled substance.
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant) possessed a certain substance.
 2. The substance was (specific substance alleged).
 3. (Defendant) had knowledge of the presence of
 the substance.
Definition To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
*1221 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may be inferred
 or assumed.
Note to Judge 1. If the defense seeks to show a lack of
 knowledge as to the nature of a particular drug, an
 additional instruction may be required. See State v.
 Medlin, 273 So.2d 394 (Fla. 1973).
 2. Note F.S. 893.13(1)(f)(g) if the charge
 involves possession or delivery without
 consideration of not more than 20 grams of cannabis.
 TRAFFICKING IN CANNABIS
 F.S. 893.135(1)(a)
 Certain drugs and chemical substances are by law
 known as "controlled substances." Cannabis is a
 controlled substance.
 Before you can find the defendant guilty of
 Trafficking in Cannabis, the State must prove the
 following three four elements beyond a reasonable
 doubt:
Elements 1. (Defendant) knowingly
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [brought into Florida]
 [possessed]
 a certain substance
 2. The substance was cannabis.
 3. The quantity of the cannabis involved was in
 excess of 100 pounds.
Note to Judge If applicable, the judge should instruct the jury on
 F.S. 893.135(2).
 4. (Defendant) knew the substance was intended to
 [sell] [purchase] [manufacture] [deliver] [bring
 into Florida] [possess] (specific substance
 alleged).
Definitions; give as
applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be by
 extraction from substances of natural origin, or
 independently by means of chemical synthesis. It
 can also be by a combination of extraction and
 chemical synthesis.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
*1222 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an
 additional instruction may be required. See State v.
 Medlin, 273 So.2d 394 (Fla. 1973).
Enhanced penalty; The punishment provided by law for the crime of
give if applicable Trafficking in Cannabis is greater depending upon
up to extent of the amount of the substance involved. Therefore,
charge If you find the defendant guilty of trafficking in
 cannabis you must determine by your verdict whether:
 a. [The quantity of the substance involved was in
 excess of 100 pounds but less than 2,000
 pounds.]
 b. [The quantity of the substance involved was
 2,000 pounds or more but less than 10,000
 pounds.]
 c. [The quantity of the substance involved was
 10,000 pounds or more.]
 TRAFFICKING IN COCAINE
 F.S. 893.135(1)(b)
 Certain drugs and chemical substances are by law
 known as "controlled substances." Cocaine or any
 mixture containing cocaine is a controlled
 substance.
 Before you can find the defendant guilty of
 Trafficking in Cocaine, the State must prove the
 following three four elements beyond a reasonable
 doubt:
Elements 1. (Defendant) knowingly
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [brought into Florida]
 [possessed]
 a certain substance
 2. The substance was [cocaine] [a mixture
 containing cocaine].
 3. The quantity of the substance involved was 28
 grams or more.
Note to Judge If applicable, the judge should instruct the jury on
 F.S. 893.135(2).
 4. (Defendant) knew the substance was intended to
 [sell] [purchase] [manufacture] [deliver]
 [bring into Florida] [possess] (specific
 substance alleged).
Definitions;
give as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
*1223 Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be by
 extraction from substances of natural origin, or
 independently by means of chemical synthesis. It can
 also be by a combination of extraction and chemical
 synthesis.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person, or
 is so close as to be within ready reach and is under
 the control of the person, it is in the actual
 possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an additional
 instruction may be required. See State v. Medlin,
 273 So.2d 394 (Fla. 1973).
Enhanced penalty; The punishment provided by law for the crime of
give if applicable Trafficking in Cocaine is greater depending upon the
up to extent of amount of the substance involved. Therefore, If you
charge find the defendant guilty of trafficking in
 cocaine, you must determine by your verdict whether:
 a. [The quantity of the substance involved was in
 excess of 28 grams but less than 200 grams.]
 b. [The quantity of the substance involved was 200
 grams or more but less than 400 grams.]
 c. [The quantity of the substance involved was 400
 grams or more.]
 TRAFFICKING IN ILLEGAL DRUGS
 F.S. 893.135(1)(c)
 Certain drugs and chemical substances are by law
 known as "controlled substances." (specific
 substance alleged) is a controlled substance.
 Before you can find the defendant guilty of
 Trafficking in Illegal Drugs, the State must prove
 the following three four elements beyond a
 reasonable doubt:
Elements 1. (Defendant) knowingly
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [brought into Florida]
 [possessed]
 a certain substance
*1224 2. The substance was [specific substance
 alleged).] [a mixture containing (specific
 substance alleged)].
 3. The quantity of the substance involved was four
 grams or more.
Note to Judge If applicable, the judge should instruct the jury
 on F.S. 893.135(2).
 4. (Defendant) know the substance was intended to
 [sell] [purchase] [manufacture] [deliver]
 [bring into Florida] [possess] (specific
 substance alleged).
Definitions; give
as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be by
 extraction from substances of natural origin, or
 independently by means of chemical synthesis. It can
 also be by a combination of extraction and chemical
 synthesis.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or
 in a bag or container in the hand of or on the
 person, or is so close as to be within ready reach
 and is under the control of the person, it is in the
 actual possession of that person.
 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an
 additional instruction may be required. See State v.
 Medlin, 273 So.2d 394 (Fla. 1973).
Enhanced penalty; The punishment provided by law for the crime of
give if applicable Trafficking in Illegal Drugs is greater depending
up to extent of upon the amount of the substance involved.
charge Therefore, If you find the defendant guilty of
 trafficking in illegal drugs, you must determine by
 your verdict whether:
 a.[The quantity of the substance involved was in
 excess of 4 grams but less than 14
 grams.]
 b.[The quantity of the substance involved was 14
 grams or more but less than 28
 grams.]
 c.[The quantity of the substance involved was 28
 grams or more.]
*1225 TRAFFICKING IN PHENCYCLIDINE
 F.S. 893.135(1)(d)
 Certain drugs and chemical substances are by law
 known as "controlled substances." Phencyclidine or
 any mixture containing phencyclidine is a
 controlled substance.
 Before you can find the defendant guilty of
 Trafficking in Phencyclidine, the State must prove
 the following three four elements beyond a
 reasonable doubt:
Elements 1. (Defendant) knowingly
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [brought into Florida]
 [possessed]
 a certain substance
 2. The substance was [phencyclidine] [a mixture
 containing phencyclidine].
 3. The quantity of the phencyclidine involved was
 28 grams or more.
Note to Judge If applicable, the judge should instruct the jury
 on F.S. 893.135(2).
 4. (Defendant) knew the substance was intended to
 [sell] [purchase] [manufacture] [deliver]
 [bring into Florida] [possess] (specific
 substance alleged).
Definitions; give
as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be by
 extraction from substances of natural origin, or
 independently by means of chemical synthesis. It
 can also be by a combination of extraction and
 chemical synthesis.
Deliver F.S. "Deliver" or "delivery" means the actual,
893.02(4)(5) constructive, or attempted transfer from one person
 to another of a controlled substance, whether or
 not there is an agency relationship.
Possession To "possess" means to have personal charge of or
 exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person,
 or is so close as to be within ready reach and is
 under the control of the person, it is in the
 actual possession of that person.
 If a thing is in a place over which the person
 has control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession
 of that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an additional
 instruction may be required. See State v. Medlin,
 273 So.2d 394 (Fla. 1973).
*1226 Enhanced penalty; The punishment provided by law for the crime of
give if applicable Trafficking in Phencyclidine is greater depending
up to extent of upon the amount of the substance involved.
charge Therefore, If you find the defendant guilty of
 trafficking in phencyclidine, you must determine by
 your verdict whether:
 a. [The quantity of the substance involved was in
 excess of 28 grams but less than 200 grams.]
 b. [The quantity of the substance involved was 200
 grams or more but less than 400 grams.]
 c. [The quantity of the substance involved was 400
 grams or more.]
 TRAFFICKING IN METHAQUALONE
 F.S. 893.135(1)(e)
 Certain drugs and chemical substances are by law
 known as "controlled substances." Methaqualone or
 any mixture containing methaqualone is a controlled
 substance.
 Before you can find the defendant guilty of
 Trafficking in Methaqualone the State must prove the
 following three four elements beyond a reasonable
 doubt:
Elements 1. (Defendant) knowingly
 [sold]
 [purchased]
 [manufactured]
 [delivered]
 [brought into Florida]
 [possessed]
 a certain substance
 2. The substance was [methaqualone] [a mixture
 containing methaqualone].
 3. The quantity of the methaqualone involved was
 200 grams or more.
Note to Judge If applicable, the judge should instruct the jury
 on F.S. 893.135(2).
 4. (Defendant) knew the substance was intended
 to [sell] [purchase] [manufacture] [deliver]
 [bring into Florida] [possess] (specific
 substance alleged).
Definitions; give
as applicable
Sell "Sell" means to transfer or deliver something to
 another person in exchange for money or something
 of value or a promise of money or something of
 value.
Manufacture F.S. "Manufacture" means the production, preparation,
893.02(11)(12)(a) packaging, labeling or relabeling, propagation,
 compounding, cultivating, growing, conversion or
 processing of a controlled substance, either
 directly or indirectly. Manufacturing can be
 by extraction from substances of natural origin, or
 independently by means of chemical synthesis. It
 can also be by a combination of extraction and
 chemical synthesis.
Deliver "Deliver" or "delivery" means the actual,
F.S. 893.02(5) constructive, or attempted transfer from one
 person to another of a controlled substance,
 whether or not there is an agency relationship.
Possession To "possess" means to have personal charge of
 or exercise the right of ownership, management or
 control over the thing possessed.
 Possession may be actual or constructive. If a
 thing is in the hand of or on the person, or in a
 bag or container in the hand of or on the person,
 or is so close as to be within ready reach and is
 under the control of the person, it is in the
 actual possession of that person.
*1227 If a thing is in a place over which the person has
 control or in which the person has hidden or
 concealed it, it is in the constructive possession
 of that person.
 Possession may be joint, that is, two or more
 persons may jointly have possession of an article,
 exercising control over it. In that case, each of
 those persons is considered to be in possession of
 that article.
 If a person has exclusive possession of a thing,
 knowledge of its presence may be inferred or
 assumed.
 If a person does not have exclusive possession of
 a thing, knowledge of its presence may not be
 inferred or assumed.
Note to Judge If the defense seeks to show a lack of knowledge
 as to the nature of a particular drug, an additional
 instruction may be required. See State v. Medlin,
 273 So.2d 394 (Fla. 1973).
Enhanced penalty; The punishment provided by law for the crime
give if applicable of Trafficking in Methaqualone is greater depending
up to extent of upon the amount of the substance involved.
charge Therefore, If you find the defendant guilty of
 trafficking in methaqualone you must determine
 by your verdict whether:
 a. [The quantity of the substance involved was
 in excess of 200 grams but less than 5
 kilograms.]
 b. [The quantity of the substance involved was
 5 kilograms or more but less than 25
 kilograms.]
 c. [The quantity of the substance involved was
 25 kilograms or more.]
 EXHIBIT 9
 RICO  USE OR INVESTMENT OF PROCEEDS FROM PATTERN OF
 RACKETEERING ACTIVITY
 F.S. 895.03(1)
 Before you can find the defendant guilty of
 Unlawful Use or Investment of Proceeds from a
 Pattern of Racketeering Activity, the State must
 prove the following four elements beyond a
 reasonable doubt:
Elements 1. At least two of the following incidents
 occurred (read incident alleged in
 information).
Modify 1 and 2 if 2. Of those incidents which did occur, at least
only two incidents two of them had the same or similar [intents]
alleged [results] [accomplices] [victims] [methods of
 commission] or were interrelated by
 distinguishing characteristics and were not
 isolated incidents.
 3. (Defendant) with criminal intent received
 proceeds which were derived directly or
 indirectly from such incidents.
 4. (Defendant) [used] [invested] some of these
 proceeds [or proceeds derived from the
 investment or use thereof] either directly
 or indirectly [in acquiring some right,
 title, equity or interest in real property]
 [in establishing or operating an enterprise].
Note to Judge Instruct as to five-year limitation period
 (F.S. 895.02(4)) if appropriate.
Note to Judge Define the crimes alleged as incidents.
Definitions
Give in every "Receiving proceeds with criminal intent" means
case that the defendant, at the time he received the
 proceeds, either knew the source of the proceeds or
 had his suspicions aroused but deliberately failed
 to make further inquiry as to the source of the
 proceeds.
Give as "Real property" means land and whatever is erected
applicable on it. It includes but is not limited to any lease
F.S. 895.02(9) or mortgage or other interest in that property.
*1228 Give as
applicable
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida, or
 other legal entity, or any unchartered union,
 association, or group of individuals associated
 in fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988) and
 State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1983),
 rev. den. 424 So.2d 760.
 RICO  USE OR INVESTMENT OF PROCEEDS FROM FROM
 COLLECTION OF UNLAWFUL DEBT
 F.S. 895.03(1)
 Before you can find the defendant guilty of
 Unlawful Use or Investment of Proceeds from
 Collection of Unlawful Debt, the State must prove
 the following two elements beyond a reasonable
 doubt:
Elements 1. (Defendant) with criminal intent received
 proceeds which were derived directly or
 indirectly through the collection of an
 unlawful debt.
 2. (Defendant) [used] [invested] some of these
 proceeds [or proceeds derived from the
 investment or use thereof] either directly or
 indirectly [in acquiring some right, title,
 equity or interest in real property] [in
 establishing or operating an enterprise].
Definitions
Give in every "Receiving proceeds with criminal intent" means
case that the defendant, at the time he received the
 proceeds, either knew the source of the proceeds or
 had his suspicions aroused but deliberately failed
 to make further inquiry as to the source of the
 proceeds.
F.S. 895.02(2) "Unlawful debt" means any money or other thing of
 value constituting principal or interest of a debt
 that is legally unenforceable in Florida in whole or
 in part because the debt was incurred or contracted
 in violation of the following law: (recite
 applicable section and define crime).
Give as applicable
F.S. 895.02(9) "Real property" means land and whatever is erected
 on it. It includes but is not limited to any lease
 or mortgage or other interest in that property.
Give as applicable
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida,
 or other legal entity, or any unchartered union,
 association, or group of individuals associated
 in fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA
 1988) and State v. Bowen, 413 So.2d 798
 (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.
 RICO  ACQUISITION OR MAINTENANCE THROUGH PATTERN OF
 RACKETEERING ACTIVITY
 F.S. 895.03(2)
 Before you can find the defendant guilty of
 unlawfully [acquiring] [maintaining] and interest in
 or control of [an enterprise] [real property], the
 State must prove the following three elements beyond
 a reasonable doubt:
*1229 Elements 1. (Defendant) engaged in at least two of the
 following incidents (read incident alleged in
 information).
Modify 1 and 2 2. Of those incidents in which (defendant) was
if only two engaged, at least two of them had the same or
incidents similar [intents] [results] [accomplices]
alleged [victims] [methods of commission] or were
 interrelated by distinguishing characteristics
 and were not isolated incidents.
 3. As a result of such incidents (defendant)
 [acquired] [maintained], directly or
 indirectly, interest in or control of [an
 enterprise] [real property].
Note to Judge Instruct as to five-year limitation period
 (F.S. 895.02(4)) if appropriate.
Note to Judge Define the crimes alleged as incidents.
Definitions
Give as applicable
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida, or
 other legal entity, or any unchartered union,
 association, or group of individuals associated
 in fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA
 1988) and State v. Bowen, 413 So.2d 798
 (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.
*1230 Give as applicable
F.S. 895.02(9) "Real property" means land and whatever is erected
 on it. It includes but is not limited to any lease
 or mortgage or other interest in that property.
 RICO  ACQUISITION OR MAINTENANCE THROUGH COLLECTION
 OF UNLAWFUL DEBT
 F.S. 895.03(2)
 Before you can find the defendant guilty of
 unlawfully [acquiring] [maintaining] and interest in
 or control of [an enterprise] [real property], the
 State must prove the following two elements beyond a
 reasonable doubt:
Elements 1. (Defendant) [acquired] [maintained], directly
 or indirectly, interest in or control of [an
 enterprise] [real property].
 2. He did so through the knowing collection of an
 unlawful debt.
Definitions
Give in every case "Unlawful debt" means any money or other thing of
 value constituting principal or interest of a debt
 that is legally unenforceable in Florida in whole or
 in part because the debt was incurred or contracted
 in violation of the following law: (recite
 applicable section and define crime).
Give as applicable
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida,
 or other legal entity, or any unchartered union,
 association, or group of individuals associated
 in fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA
 1988) and State v. Bowen, 413 So.2d 798
 (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.
Give as applicable
F.S. 895.02(9) "Real property" means land and whatever is erected
 on it.
 It includes but is not limited to any lease or
 mortgage or other interest in that property.
 RICO  CONDUCT OR PARTICIPATION IN AN ENTERPRISE
 THROUGH COLLECTION OF UNLAWFUL DEBT
 F.S. 895.03(3)
 Before you can find the defendant guilty of
 unlawfully [conducting] [participating] in an
 enterprise, the State must prove the following
 two elements beyond a reasonable doubt:
Elements 1. (Defendant) was [employed by] [associated with]
 an enterprise.
Defendant may or 2. (Defendant) [conducted] [participated],
may not be directly or indirectly, in such enterprise
"enterprise." through the knowing collection of an unlawful
See note below. debt.
Definitions
F.S. 895.02(2) "Unlawful debt" means any money or other thing of
 value constituting principal or interest of a debt
 that is legally unenforceable in Florida in whole or
 in part because the debt was incurred or contracted
 in violation of the following law: (recite
 applicable section and define crime).
F.S. 895.01(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida, or
 other legal entity, or any unchartered union,
 association, or group of individuals associated
 in fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA
 1988) and State v. Bowen, 413 So.2d 798
 (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.
 RICO  CONDUCT OR PARTICIPATION IN AN ENTERPRISE
 THROUGH A PATTERN OF RACKETEERING ACTIVITY
 F.S. 895.03(3)
 Before you can find the defendant guilty of
 unlawfully [conducting] [participating] in an
 enterprise, the State must prove the following two
 elements beyond a reasonable doubt:
Elements 1. (Defendant) was [employed by] [associated with]
 an enterprise.
Defendant may or 2. (Defendant) [conducted] [participated],
may not be directly or indirectly, in such enterprise by
"enterprise." engaging in at least two of the following
See note below. incidents (read incidents alleged in
 information)
 3. Of those incidents in which (defendant) was
 engaged, at least two of them had the same or
 similar [intents] [results] [accomplices]
 [victims] [methods of commission] or were
 interrelated by distinguishing characteristics
 and were not isolated incidents.
Note to Judge Instruct as to five-year limitation period
 (F.S. 895.02(4)) if appropriate.
Note to Judge Define the crimes alleged as incidents.
Definitions
Give as applicable
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida, or
 other legal entity, or any unchartered union,
 association, or group of individuals associated in
 fact although not a legal entity, and includes
 lawful as
*1231 well as unlawful enterprises and governmental as
 well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA
 1988) and State v. Bowen, 413 So.2d 798
 (Fla. 1st DCA 1983), rev. den. 424 So.2d 760.
 CONSPIRACY TO ENGAGE IN PATTERN OF RACKETEERING
 ACTIVITY
 F.S. 895.03(4)
 A "conspiracy" is a combination or agreement of
 two or more persons to join together to attempt to
 accomplish an offense which would be in violation of
 the law. It is a kind of "partnership in criminal
 purposes" in which each member becomes the agent of
 every other member.
 The evidence in the case need not show that the
 alleged members of the conspiracy entered into any
 express or formal agreement or that they directly
 discussed between themselves the details of the
 scheme and its purpose or the precise ways in which
 the purpose was to be accomplished. Neither must it
 be proved that all of the persons charged to have
 been members of the conspiracy were such nor that
 the alleged conspirators actually succeeded in
 accomplishing their unlawful objectives nor that any
 alleged member of the conspiracy did any act in
 furtherance of the conspiracy.
 What the evidence in the case must show beyond a
 reasonable doubt before you may find the defendant
 guilty of conspiring to violate the RICO Act is:
 1. Two or more persons, in some way or manner,
 came to a mutual understanding to try to
 accomplish a common and unlawful plan, namely
 to engage in a "pattern of racketeering
 activity" as charged in the Information; and
 2. The defendant knowingly and willfully became a
 member of such conspiracy; and
 3. At the time the defendant joined such
 conspiracy, he did so with the specific intent
 either to personally engage in at least two
 incidents of racketeering, as alleged in the
 Information, or he specifically intended to
 otherwise participate in the affairs of the
 "enterprise" with the knowledge and intent that
 other members of the conspiracy would engage in
 at least two incidents of racketeering, as
 alleged in the Information, as part of a
 "pattern of racketeering activity."
 A person may become a member of a conspiracy
 without full knowledge of all of the details of the
 unlawful scheme or the names and identities of all
 of the other alleged conspirators. So, if a
 defendant has an understanding of the unlawful
 nature of a plan and knowingly and willfully joins
 in that plan on one occasion, that is sufficient to
 convict him for conspiracy, even though he did not
 participate before and even though he played only a
 minor part.
 Of course, mere presence at the scene of a
 transaction or event or the mere fact that certain
 persons may have associated with each other and may
 have assembled together and discussed common aims
 and interests does not necessarily establish proof
 of the existence of a conspiracy. Also, a person who
 has no knowledge of a conspiracy but who happens to
 act in a way which advances some purpose of a
 conspiracy does not thereby become a conspirator.
Give if applicable It is a defense to the charge of conspiracy to
Defense engage in a pattern of racketeering activity that
F.S. 777.04(5)(c) (defendant), after knowingly
*1232 entering into such a conspiracy with one or more
 persons, thereafter persuaded such persons not to
 engage in such activity or otherwise prevented
 commission of the offense. In this regard you are
 instructed that a mere endeavor to dissuade one
 from engaging in such activity is insufficient.
Note to Judge An endeavor to dissuade a coconspirator is
 insufficient to constitute the statutory defense of
 withdrawal. State v. Bauman, 425 So.2d 32, 34 (Fla.
 4th DCA 1982).
Definitions:
 "Pattern of racketeering activity" means engaging
 in at least two incidents of racketeering conduct
 that have the same or similar intents, results,
 accomplices, victims, or methods of commission or
 that otherwise are interrelated by distinguishing
 characteristics and are not isolated incidents.
F.S. 895.02(3) "Enterprise" means any individual, sole
 proprietorship, partnership, corporation, business
 trust, union chartered under the laws of Florida, or
 other legal entity, or any unchartered union,
 association, or group of individuals associated in
 fact although not a legal entity, and includes
 lawful as well as unlawful enterprises and
 governmental as well as other entities.
Note to Judge Whether an individual can be an enterprise see
 State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988)
 and State v. Bowen, 413 So.2d 798 (Fla. 1st DCA
 1983), rev. den. 424 So.2d 760.
 EXHIBIT 10
 COMMENT ON SCHEDULE OF LESSER INCLUDED OFFENSES
 One of the difficult problems in instructing a criminal jury is to make
certain that it is properly charged with respect to the degrees or
categories of guilt that may be applicable to a given crime. The supreme
court in Brown v. State, 206 So.2d 377 (Fla. 1968) described these
categories as follows:
 1. Crimes divisible into degrees
 2. Attempts to commit offenses
 3. Offenses necessarily included in the offense charged
 4. Offenses which may or may not be included in the offense charged,
 depending on the accusatory pleading and the evidence.
 Because it is often so difficult to determine these categories, the
committee prepared a list of the offenses applicable to each of the crimes
for which standard jury instructions had been drafted. At the same time,
the committee recommended treating lesser degrees as category 3 or 4
offenses depending upon the offense and treating attempts as a category 4
offense, thereby eliminating the first two Brown categories as separate
categories. In its opinion dated April 16, 1981, in which it approved the
new standard jury instructions, the supreme court also approved the
schedule of lesser included offenses and accepted the recommendation of the
committee to consolidate the four Brown categories into two
categories. The supreme court directed that the four categories should be
renumbered and designated as follows:
 1. Offenses necessarily included in the offense charged, which will
 include some lesser degrees of offenses
 2. Offenses which may or may not be included in the offense charged,
 depending on the accusatory pleading and the evidence, which will include
 all attempts and some lesser degrees of offenses
 The court also directed that the appropriate Florida Rules of Criminal
Procedure be amended to accommodate these changes. The categories of the
offenses which appear on the schedule of lesser included offenses have
been renumbered and designated according to the supreme court mandate.
 In determining the appropriate lesser offenses for inclusion in the
table, the committee followed certain guidelines:
 1. No offense is deemed to be a lesser offense if it carries the same
 penalty as the crime under consideration. See Ray v. State, 403 So.2d 956
 (Fla. 1981); State v. Carpenter, 417 So.2d 986
 (Fla. 1982).
*1233 2. If the definition of the crime includes the attempt or the endeavor to
 commit the crime, there can be no separate offense of an attempt to commit
 that crime, e.g., uttering, forgery, grand theft second degree,
 delivery of controlled substance.
 3. Certain crimes do not have attempts, e.g., culpable negligence,
 extortion, perjury, corruption by threat against public servant,
 resisting officer with violence, and conspiracy.
 4. Except as stated above, attempts to commit crimes generally are
 included unless the evidence conclusively shows that the charged crime was
 completed. In such case, attempt should not be instructed.
 5. Some statutes provide that the penalty for certain crimes is enhanced
 if certain events occur during their commission.
For example, under F.S. 810.02 burglary is a felony of the first
degree if the burglar makes an assault or is armed with explosives or
dangerous weapons. If these events do not occur but burglary is committed in
a dwelling occupied by human beings, the offense is a felony of the second
degree. All other burglaries are felonies of the third degree. Thus, if a
defendant is charged with first degree burglary by virtue of having made an
assault during the course of the burglary, the jury should be permitted to
return a verdict for simple third degree burglary without the enhancement of
the assault. In practice, this is similar to the concept of lesser included
offenses, but since statutes of this type are couched in terms of
enhancement, the schedule does not carry the lower degrees of the offenses
proscribed by those statutes as lesser included offenses.
 6. Under Knight v. State, 338 So.2d 201 (Fla. 1976), felony
 murder is included within a single indictment count of premeditated
 murder. Therefore, first degree felony murder should be given if
 requested by the state and if supported by the evidence, although it is
 not a lesser included offense.
 EXHIBIT 11
 SCHEDULE OF LESSER INCLUDED OFFENSES
 CHARGED OFFENSES CATEGORY 1 CATEGORY 2
First degree Second degree Second degree
 (premeditated) murder (depraved mind) (felony) murder 
  782.04(1) murder  782.04(2) 782.04(3)
 Manslaughter  782.07 Third degree (felony)
 murder  782.04(4)
 Attempt
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(2)
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011[**]
First degree (felony) None Attempt
 murder  782.04(1) Second degree Second degree
 (depraved (depraved mind) murder
 mind)[***] murder  782.04(2)
  782.04(2)
 Manslaughter  782.07 Second degree
 (felony) murder 
 782.04(3)
 Third degree (felony)
 murder  782.04(4)
*1234 Manslaughter  782.07
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault 
 784.011[****]
Second degree (depraved Manslaughter  782.07 Third degree (felony)
 mind) murder  murder  782.04(4)
 782.04(2) Attempt
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(2)
 Aggravated battery 
 784.045
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011[****]
Second degree (felony) None Third degree
 murder  782.04(3) (felony) murder 
 782.04(4)
 Attempt
Third degree (felony) None Attempt
 murder  784.04(4)
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
Manslaughter  782.07 None Attempt[******]
 Aggravated assault 
 784.021
 Battery  784.03
 Assault  784.011
 Vehicular homicide 
 782.071
 Culpable negligence 
 784.05(2)[*****]
 Culpable negligence 
 784.05(1)[*****]
Assault  784.011 None Attempt
Aggravated assault  Assault  784.011 Attempt
 784.021(1)(a)
 Improper exhibition
 of dangerous weapon
 or firearms  790.10
 Discharging firearms
 in public  790.15
Aggravated assault  Assault  784.011 Attempt
 784.021(1)(b)
Battery  784.03 None Attempt
Aggravated battery  Battery  784.03 Attempt
 784.045(1)(a)
*1235 Aggravated battery Battery  784.03 Attempt
  784.045(1)(b)
 Improper exhibition of
 dangerous weapons or
 firearms  790.10
 Discharging firearms in
 public  790.15
Culpable negligence Culpable negligence None
  784.05(2)  784.05(1)
Assault of law None Attempt
 enforcement officer
  784.07(2)
 Assault 
 784.011[*******]
Battery of law None Attempt
 enforcement officer
  784.07(2)
 Battery  784.03[*******]
Kidnapping  787.01 False Attempt
 imprisonment 
 787.02
 Aggravated assault
  784.021(1)(b)
 Battery  784.03(1)(a)
 Assault  784.011
False imprisonment None Attempt
  787.02
 Assault  784.011
 Battery  784.03(1)(a)
Carrying concealed None Attempt
 weapons  790.01(1)
Carrying concealed None Attempt
 firearms  790.01(2)
Carrying pistol or None Attempt
 repeating rifle
 without first
 obtaining license
  790.05
 790.06
Persons engaged in None Attempt (may be applicable
 criminal offense, when concealed weapon
 having weapons is charged)
  790.07(1)
 Carrying concealed weapons
  790.01(1)
 Improper exhibition of
 dangerous weapons 
 790.10
Persons engaged in None Attempt (may be applicable
 criminal offense, when concealed firearm
 having weapons is charged)
  790.07(2)
 Carrying concealed firearm
  790.01(2)
 Improper exhibition of
 dangerous firearms 
 790.10
Discharging firearms None Attempt
 in public  790.15
Furnishing weapons to None Attempt
 minors under 18
 years of age, etc. 
 790.17
Selling arms to minors None Attempt
 by dealers  790.18
Felons; possession of None Attempt (may be applicable
 firearms unlawful; when concealed weapon is
 exception; penalty charged)
  790.23
*1236 Carrying concealed firearm
  790.01(2)
 Carrying concealed weapon
  790.01(1)
Sexual battery  Battery  784.03 Attempt
  794.011(2)
 Assault  784.011
 Aggravated assault
  784.021(1)(a)
 Aggravated battery
  784.045(1)(a)
Sexual battery Battery  784.03 Attempt
  794.011(3)
 Aggravated battery
  784.045(1)(a)
 Aggravated assault
  784.021(1)(a)
 Assault  784.011
 Sexual battery  794.011(4)
 Sexual battery  795.011(5)
Sexual battery Battery  784.03 Attempt
  794.011(4)
 Aggravated assault
  784.021(1)(a)
 Assault  784.011
 Sexual battery  794.011(5)
Sexual battery Battery  784.03 Attempt
  794.011(5)
 Assault  784.011
Unnatural and None Attempt
 lascivious act 
 800.02
Exposure of sexual None Unnatural and lascivious
 organs  800.03 act  800.02
Lewd, lascivious, or None Attempt
 indecent assault or Assault  784.011
 act upon or in Battery  784.03
 presence of child  Unnatural and lascivious
 800.04 act  800.02
Arson  806.01(1) Arson  806.01(2) Attempt
 Criminal mischief Criminal mischief 
  806.13(1)(b)1 806.13(1)(b)2.
 Criminal mischief 
 806.13(1)(b)3.
 Criminal mischief 
 806.13(2)
Criminal mischief None Attempt
  806.13(1)(b)1
Criminal mischief Criminal mischief Attempt
  806.13(1)(b)2  806.13(1)(b)1
Criminal mischief Criminal mischief Attempt
  806.13(1)(b)3  806.13(1)(b)1
 Criminal mischief
  806.13(1)(b)2
Burglary with assault Burglary  810.02(3) Attempt
 or battery or while
 armed  810.02(2)
 Burglary of dwelling or
 with human being inside
  810.02(3)
 Trespass  810.08(2)(a)
 Trespass  810.08(2)(c)
*1237 Burglary of dwelling or Burglary  810.02(3) Attempt
 with human being
 inside  810.02(3)
 Trespass  810.08(2)(a)
 Trespass  810.08(2)(b)
Burglary  810.02(3) None Attempt
 Trespass  810.08(2)(a)
Possession of burglary None None
 tools  810.06
Trespass in structure None Attempt (except refuse to
 or conveyance  depart)
 810.08
Trespass on property None Attempt
 other than structure
 or conveyance 
 810.09
Grand theft  None Grand theft  second degree
 first degree 812.014(2)(b)
 812.014(2)(a) Grand theft  third degree
 812.014(2)(c)
 Petit theft  812.014(2)(c)
 Cf. Gilford v. State,
 313 So.2d 729 (Fla.
 1975)
 Trade secrets  812.081
Grand theft  Second None If value is alleged grand
 degree 812.014(2)(b) theft  third degree
  812.014(2)(c)
 petit theft
  812.014(2)(c)(d)
 Trade secrets  812.081
Grand theft  third None If value is alleged Petit
 degree 812.014(2)(c) theft  812.014(2)(c)(d)
 Trade secrets  812.081
Petit theft None No attempt  endeavor is
 812.014(2)(e)(d) included within
 definition of theft
Possession of altered None Attempt
 property  812.016
Dealing in stolen None None
 property 
 trafficking 
 812.019(1)
Dealing in stolen 812.019(1) Attempt
 property  managing
 trafficking 
 812.019(2)
Robbery with a firearm Robbery with a weapon Attempt
 or deadly weapon  812.13(2)(b)
  812.13(2)(a)
 Robbery  812.13(2)(c) Grand theft 1st degree
  812.014(2)(a)
 Petit theft Grand theft 2d degree
  812.014(2)(e)(d)  812.014(2)(b)
 Grand theft 3d degree
  812.014(2)(c)
 Battery  784.03
 Aggravated battery 
 784.045
 Assault  784.011
 Aggravated assault 
 784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300 (Fla. 2d
 DCA 1973)
*1238 Robbery with a weapon Robbery  812.13(2)(c) Attempt
  812.13(2)(b)
 Petit theft Grand theft 1st degree
  812.014(2)(e)(d) 812.014(2)(a)
 Grand theft 2d degree
 812.014(2)(b)
 Grand theft 3d degree
 812.014(2)(c)
 Battery  784.03
 Aggravated battery 
 784.045
 Assault  784.011
 Aggravated assault 
 784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300 (Fla. 2d
 DCA 1973)
Robbery  812.13(2)(c) Petit theft Attempt
  812.014(2)(c)(d)
 Grand theft 1st degree
  812.014(2)(a)
 Grand theft 2d degree
  812.014(2)(b)
 Grand theft 3d degree
  812.014(2)(c)
 Battery  784.03
 Assault  784.011
 Aggravated assault 
 784.021
 Extortion  836.05
 See Davis v. State,
 277 So.2d 300(Fla. 2d
 DCA 1973)
Child abuse  Child abuse  Attempt, if willfully
 827.04(1) 827.04(2) Negligent treatment of
 child  827.05
Child abuse  None Attempt, if willfully
 827.04(2) Negligent treatment of
 child  827.05
Forgery  831.01 None Attempt
Uttering forged None No attempt  King v.
 instrument  831.02 State, 317 So.2d 852
 (Fla.1st DCA 1975)
Stopping payment; None Attempt, except when
 purchase of farm or uttering is charged 
 grove products  832.04 under $50
 832.04
Stopping payment with None Attempt, except when
 intent to defraud uttering is charged; 
  832.041 832.04 if farm or grove
 product; 832.041 under
 $50
 Worthless check 
 832.05(2) (second degree
 misdemeanor)
Worthless checks None Attempt, except when
  832.05(2) uttering is charged
Obtaining property by Worthless check Attempt, except when
 worthless checks  832.05(2) (second uttering is charged
  832.05(4) degree misdemeanor)
Perjury not in official None None
 proceeding  837.012
*1239 Perjury if official None None
 proceeding  837.02
Perjury by None None
 contradictory
 statements  837.021
False reports to law None None
 enforcement
 authorities  837.05
False official None None
 statements  837.06
Bribery  838.015 None Attempt if only give or
 accept is charged
Unlawful compensation None Attempt if only give or
 for official behavior accept is charged
  838.016
Corruption by threat None Attempt if only harm is
 against public charged
 servant  838.021
Bribery in athletic None Attempt only if give is
 contests  838.12(1) charged
Bribery in athletic None Attempt only if accept is
 contests  838.12(2) charged
Keeping gambling house None Lottery  849.09(1)(f)
  849.01
 Lottery  849.09(1)(k)
 Lottery  849.11
Agents, servants, etc., None Lottery  849.(1)(f)
 of keeper of gambling
 house  849.02
 Lottery  849.09(1)(k)
Renting house for None None
 gambling purposes
  849.02
Permitting minors and None Permitting gambling and
 persons under billiard or pool table by
 guardianship to holder of license 
 gamble  849.04 849.07
 Playing at games of chance
 by lot  849.11
Gambling  849.08 None None
Lottery 849.09(1)(a) None Attempt
 Lottery  849.09(1)(f)
 Lottery  849.09(1)(g)
 Lottery  849.09(1)(h)
 Lottery  849.09(1)(i)
 Lottery  849.09(1)(j)
 Lottery  849.09(1)(k)
 Playing at game of chance
 by lot  849.11
 Gambling devices, etc.
  849.231
Lottery 849.09(1)(b) None Attempt
 Lottery  849.09(1)(f)
 Lottery  849.09(1)(g)
 Lottery  849.09(1)(h)
 Lottery  849.09(1)(i)
 Lottery  849.09(1)(j)
 Lottery  849.09(1)(k)
 Gambling devices, etc.
  849.231
Lottery 849.09(1)(c) None Attempt
 Lottery  849.09(1)(f)
 Lottery  849.09(1)(g)
 Lottery  849.09(1)(h)
*1240 Lottery  849.09(1)(i)
 Lottery  849.09(1)(j)
 Lottery  849.09(1)(k)
 Gambling devices, etc.
  849.231
Lottery 849.09(1)(d) None Attempt
 Lottery  849.09(1)(f)
 Lottery  849.09(1)(g)
 Lottery  849.09(1)(h)
 Lottery  849.09(1)(i)
 Lottery  849.09(1)(j)
 Lottery  849.09(1)(k)
 Playing at game of chance
 by lot  849.11
 Gambling devices, etc.
  849.231
Lottery 849.09(1)(g) None Attempt
Lottery 849.09(1)(h) None Attempt
Lottery 849.09(1)(k) None Attempt
Bookmaking on grounds None Attempt
 of permit-holder
  550.361
 (adapted from former
 849.24)
Bookmaking  849.25(2) None Attempt
Bookmaking  849.25(3) Bookmaking  849.25(2) Attempt
 Bookmaking on grounds of
 permit-holder  550.361
Driving under the None Attempt
 influence 
 316.193(3)(c)(1)
DUI with damage to DUI  316.193(1) None
 property or person
  316.193(3)(c)1
DUI with serious bodily DUI  316.193(1) DUI  316.193(3)(c)1
 injury 
 316.193(3)(c)2
DUI manslaughter DUI  316.193(1) Vehicular homicide 
  316.193(3)(c)3 782.071 DUI 
 316.193(3)(c)2
 DUI  316.193(3)(c)1
Sale, manufacture, None Attempt, except when
 delivery or delivery is charged;
 possession with 893.13(1)(f)(g) if
 intent to sell, possession or delivery of
 manufacture or cannabis charged
 deliver controlled 893.13(1)(e)(f) if
 substance  possession is
893.13(1)(a) charged[********]
Sale, delivery or None Attempt, except when
 possession of more delivery is charged
 than 10 grams of 893.13(1)(a)
 controlled substance 893.13(1)(e)(f) if
  893.13(1)(b) possession is charged
Delivery of controlled None 893.13(1)(a)
 substance to person 893.13(1)(f)(g)
 under 18 years old if cannabis charged
  893.13(1)(c)
Bringing controlled None Attempt 893.13(1)(e)(f)
 substance into state 893.13(1)(f)(g) if
  893.13(1)(d) cannabis charged
Possession of None Attempt; 893.13(1)(f)(g) if
 controlled substance cannabis charged
  893.13(1)(e)(f)
Offense of possession None Attempt, except when
 or delivery of not delivery is charged
 more
*1241 than 20 grams of
 cannabis 
 893.13(1)(f)(g)
Obtaining controlled None
 substances by fraud
  893.13(3)(a)1
Possession of drug None Attempt
 paraphernalia
  893.147(1)
Delivery, possession None Attempt, except when
 with intent to delivery is charged
 deliver, or
 manufacture with
 intent to deliver
 drug paraphernalia
  893.147(2)
Delivery of drug None None
 paraphernalia to a
 minor  893.147(3)
Trafficking in cannabis
  893.135(1)(a) None[*********] Attempt, except when
 delivery is charged
 893.13(1)(a) if sale,
 manufacture or delivery
 is charged
 Bringing cannabis into
 state  893.13(1)(d)
 Possession of cannabis
  893.13(1)(e)(f)
 Possession or delivery of
 cannabis 
 893.13(1)(f)(g)
Trafficking in cocaine None[*********] Attempt, except when
  893.135(1)(b) delivery is charged
 893.13(1)(a) if sale,
 manufacture or delivery
 is charged
 Bringing cocaine into state
  893.13(1)(d)
 Possession of cocaine
  893.13(1)(e)(f)
Trafficking in illegal None[*********] Attempt, except when
 drugs  893.135(1)(c) delivery is charged
 893.13(1)(a) if sale,
 manufacture or delivery
 is charged
 Bringing same illegal drug
 as charged into state
  893.13(1)(d)
 Possession of same illegal
 drug  893.13(1)(e)(f)
Trafficking in None[*********] Attempt, except when
 phencyclidine delivery is charged
  893.135(1)(d)
 893.13(1)(a) if sale,
 manufacture or delivery
 is charged
 Bringing phencyclidine
 into state  893.13(1)(d)
 Possession of phencyclidine
  893.13(1)(e)(f)
Trafficking in None[*********] Attempt, except when
 methaqualone delivery is charged
  893.135(1)(d)
*1242 893.13(1)(a) if sale,
 manufacture or delivery
 is charged
 Bringing methaqualone into
 state  893.13(1)(d)
 Possession of methaqualone
  893.13(1)(e)(f)
Contraband  951.22 None The nature of the
 contraband may give rise
 to misdemeanor, lesser
 included offenses See
 Cooper v. State,
 512 So.2d 1071 (Fla.
 1st DCA 1987); Moore v.
 State, 512 So.2d 1149
 (Fla. 1st DCA 1987).
 EXHIBIT 12
 THROWING, PLACING, PROJECTING, OR DISCHARGING
 DESTRUCTIVE DEVICE
 F.S. 790.161
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following three
 elements beyond a reasonable doubt:
Elements 1. (Defendant)
 [made]
 [possessed]
 [threw]
 [placed]
 [projected]
 [discharged]
 [attempted to throw, place, project,
 or discharge]
 a destructive device.
 2. He did so
 [with intent to do bodily harm to any
 person.]
 [with intent to wrongfully do damage to
 (property).]
 3. The act resulted in
Give 3a, 3b, 3d, 3e a. [a disruption of governmental 3c,
or 3f as applicable operations.]
 b. [a disruption of governmental commerce.]
 c. [a disruption of the private affairs of
 (victim).]
 d. [bodily harm to (victim).]
 e. [property damage.]
 f. [the death of (victim).]
Person killed; It is not necessary that the person killed be the
give if 3f alleged same person the defendant intended to injure or the
 owner of the property intended to be damaged.
Definition A "destructive device" is defined as (adapt from
 F.S. 790.001(4) as required by the allegations).
 EXHIBIT 13
 THREAT TO THROW, PLACE, PROJECT, OR DISCHARGE ANY
 DESTRUCTIVE DEVICE
 F.S. 790.162
 Before you can find the defendant guilty of (crime
 charged), the State must prove the following two
 elements beyond a reasonable doubt:
*1243 Elements 1. (Defendant) threatened to
 [throw]
 [place]
 [project]
 [discharge]
 a destructive device.
 2. He did so with intent to do
 [bodily harm to any person.] [damage to the
 property of any person.]
Definition A "destructive device" is defined as (adapt from
 F.S. 790.001(4) as required by the allegations).
 EXHIBIT 14
 CONTRABAND IN COUNTY DETENTION FACILITY
 F.S. 951.22
 Before you can find the defendant guilty of the
 crime of (crime charged), the State must prove the
 following two elements beyond a reasonable doubt:
Elements 1. (Defendant)
 [introduced contraband into]
 [knowingly possessed contraband in]
 [gave contraband to an inmate in]
 [received contraband from an inmate in]
 [took contraband from]
 [attempted to take or send contraband from]
 a county detention facility.
 2. (Defendant) did not do so through regular
 channels as duly authorized by the Sheriff or
 officer in charge of the facility.
 The court now instructs you that for purposes of
 this offense, "contraband" means:
Select definition [any currency or coin.]
depending upon [any article of food or clothing.]
item alleged [any written or recorded communication.]
 [any intoxicating beverage or beverage which
 causes or may cause an intoxicating effect.]
 [any narcotic, hypnotic or excitative drug.]
 [any drug of any kind, including nasal inhalation]
 [sleeping pill] [barbiturate.]
 [any controlled substance. [(Item alleged)] is a
 controlled substance.]
 [any firearm.]
 [any instrumentality that may be or is intended to
 be used as a dangerous weapon.]
 [any instrumentality that may be or is intended to
 be used as an aid in attempting to escape.]
Definitions "County detention facility" means a county jail,
F.S. 951.23(1) a county stockade, a county prison camp, a county
 residential probation center, and any other place
 used by a county or county officer to detain persons
 charged with or convicted crimes, including the
 grounds thereof.
Note to Judge: In
event of municipal
facility involved,
see statute.
Definitions
Give as applicable To "introduce" means to put inside or into.
Note to Judge:
See p. 220 for
definition of
"possession."

NOTES
[*] The committee expressed concern over the constitutionality of chapter 87-243, section 42, Laws of Florida, creating section 777.201(2), which places the burden of proof of entrapment on the defendant. Therefore, the committee offered alternative final paragraphs of the instruction, one of which retained the existing instruction which requires the state to prove beyond a reasonable doubt that the defendant was not entrapped, and the other which requires the defendant to prove entrapment by a preponderance of the evidence. For the purpose of adopting standard jury instructions, the constitutionality of a statute must be assumed unless it has been declared unconstitutional. The Court deems it inappropriate to pass on the constitutionality of a statute except in adversary proceedings. Therefore, for offenses occurring on or after October 1, 1987, the Court has accepted the statutory alternative which places the burden of proof of entrapment on the defendant.
[**] But see Martin v. State, 342 So.2d 501 (Fla. 1977); Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983), holding that nonhomicide lessers should not be given when the only issue is whether the death was a lawful or unlawful homicide, but should be given if there is an issue of causation, i.e., whether death was caused by defendant's act or some other unconnected cause. When a nonhomicide offense is a necessarily lesser included offense of the homicide offense, an instruction on the lesser may be necessary. See certified question in Barritt v. State, 517 So.2d 65 (Fla. 1st DCA 1987).
[***] See Scurry v. State, 521 So.2d 1077 (Fla. 1988).
[****] But see Martin v. State, 342 So.2d 501 (Fla. 1977).
[*****] But see Smith v. State, 330 So.2d 256 [526] (Fla. 4th DCA 1976), and Murray v. State, 328 So.2d 501 (Fla. 4th DCA 1976).
[******] See Taylor v. State, 444 So.2d 931 (Fla. 1984).
[*******] But see Martin v. State, 342 So.2d 501 (Fla. 1977).
[********] Provided that charged offense is a second degree felony under section 893.13(1)(a)1.
[*********] An instruction of simple possession may be required. See Dauphin [Daophin] v. State, 511 So.2d 1037 (Fla. 4th DCA 1987), cert. pending (Case No. 70,995, Fla.S.Ct.).